UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RICHARD EDWARD BRILLHART,

         Petitioner,

vs.                   Case No.   2:07-cv-96-FtM-29DNF
                    Case No. 2:03-cr-121-FTM-29DNF

UNITED STATES OF AMERICA,

         Respondent.
_____

## OPINION AND ORDER

_____This matter comes before the Court on petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody (Doc. #1), filed on February 20, 2007.

A review of the docket reveals that, on April 21, 2004, petitioner's guilty plea to Count Two of the Indictment (Doc. #12) was accepted, petitioner was adjudicated guilty, and Counts One and Three were dismissed by the government. On September 27, 2004, petitioner was sentenced to 240 months of imprisonment, supervised release for life, and a $100.00 special assessment. Judgment (Doc. #57) was entered the next day. On October 1, 2004, a Notice of Appeal (Doc. #58) was filed and on March 15, 2006, the Eleventh Circuit Court of Appeals issued as Mandate a Judgment (Doc. #79) affirming in part, vacating in part, and remanding for resentencing

Dockets.Justia.com

pursuant to <u>United States v. Booker</u>[1]. On June 21, 2006, petitioner was resentenced to the same sentence and Judgment Upon Remand (Doc. #91) was entered. Subsequently, on June 27, 2006, a notice of Appeal (Doc. #93) was filed. That appeal remains pending before the Eleventh Circuit Court of Appeals and was assigned USCA #06-13705B.

This Court lacks jurisdiction to consider petitioner's § 2255 motion at this time. Absent extraordinary circumstances, a defendant may not seek collateral relief while his direct appeal is pending. <u>Fernandez v. United States</u>, 941 F.2d 1488, 1491 (11th Cir. 1991); <u>United States v. Khoury</u>, 901 F.2d 975, 976 (11th Cir.), <u>modified</u>, 910 F.2d 713 (11th Cir. 1990)(per curiam). The Court's review of the issues petitioner seeks to raise, done with the liberal construction required by <u>Fernandez</u>, reveals no extraordinary circumstances. The issues petitioner seeks to raise in the § 2255 petition could have been raised on direct appeal[2], and some of the issues were raised and are pending review. Therefore, this Court is without jurisdiction at this time. As

---

[1]543 U.S. 220, 125 S. Ct. 738 (2005).

[2]Petitioner states that "Grounds One thru Four [have] not been presented to any court. A claim of ineffective assistance of counsel [is] best presented in a motion under **28 U.S.C. 2255** and not on Direct Appeal." (Doc. #1, ¶ 10)(emphasis in original). Petitioner is reminded that "a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." <u>Lynn v. United States</u>, 365 F.3d 1225, 1234 (11th Cir.)(collecting cases), <u>cert. denied</u>, 543 U.S. 891 (2004).

Khoury noted, a defendant may pursue collateral remedies without prejudice after jurisdiction is returned to the district court. Therefore, at this time, the motion will be dismissed.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody (Doc. #1) is **dismissed without prejudice** for lack of jurisdiction. The Clerk is directed to enter Judgment dismissing the § 2255 for lack of jurisdiction.

2. Petitioner's Motion to Disqualify Judge Steele From Hearing Petition Pursuant to 28 U.S.C. § 2255 (Doc. #3) and Motion to Appoint C.J.A. Counsel to Represent Petitioner in 28 U.S.C. § 2255 Proceedings (Doc. #4) are **DENIED as moot.**

3. The Clerk shall file a copy of this Opinion and Order and a certified copy of the judgment in the criminal case file and close the civil case.

**DONE AND ORDERED** at Fort Myers, Florida, this ___21st___ day of February, 2007.

JOHN E. STEELE
United States District Judge

Copies:
Parties of Record

-3-